UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

AKO BURRELL,

        Plaintiff,

                                                      9:23-CV-98 (MJK)

-v.-

BISHOP, Deputy of Security, et al.

        Defendants.

_____

AKO BURRELL, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

**ORDER**

      On January 13, 2025, Plaintiff filed a motion for a preliminary injunction seeking to enjoin "Oneida County Jail Chief Mark Kinderman from: (1) denying Plaintiff access to the law library as a *pro se* litigant under 9 NYCRR 7031; [and] (2) denying Plaintiff sufficient postage as an indigent inmate, & legal supplies beyond (2) one ounce envelopes a week & denying Plaintiff to send legal-mail in large envelopes to the NYS Attorney General & the United States District Court." (Dkt. 95, at 1).

      Plaintiff alleges that in the absence of an injunction, he will "suffer immediate & irreparable harm in that no discovery would be obtained; motions to compel & opposition & dispositive motion would not be filed." (*Id.*).

1

By letter dated February 5, 2025, Defendants advised that they were not taking a position on the motion since the injunction is "not related to any of the allegations against any of the Defendants in this matter." (Dkt. 101).

The Court has reviewed Plaintiff's motion with due regard for his status as a *pro se* litigant. Nevertheless, Plaintiff's motion is denied.

Plaintiff's motion for injunctive relief has nothing to with this action. Plaintiff does not attribute the misconduct complained of in the motion to any of the remaining Defendants in this lawsuit. Except in limited circumstances not relevant here, a court may not order injunctive relief against non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction … is binding only upon the parties to the action[.]"); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Tolbert v. Koenigsmann*, No. 13-CV-1577 (LEK/DEP), 2015 WL 7871344, at *2 (N.D.N.Y. Dec. 4, 2015). In addition, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citing cases) (internal quotation marks omitted). Plaintiff's remaining claims in this action allege violations of his First and Eighth Amendment rights which are unrelated to the allegations against Chief Kinderman. Because Plaintiff has failed to link his request for injunctive relief to any of the remaining claims in this action, there is no basis for the Court to find that Plaintiff has established a likelihood of success on the merits or that a sufficiently serious

questions going to the merits of those claims exists. Plaintiff's motion for a preliminary injunction is therefore denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion for a preliminary injunction (Dkt. 95) is **DENIED WITH PREJUDICE**.

March 25, 2025

                                              _____
                                              Hon. Mitchell J. Katz
                                              U.S. Magistrate Judge